Samuel **BROWN**, Plaintiff,

v.

Walter N. **TOBRINER** et al.,
Defendants.

Civ. A. No. 351-63.

United States District Court.
District of Columbia Division.

June 11, 1963.

Charles Sumner Brown, Julian Dugas, Washington, D. C., for plaintiff.

George H. Clark, Asst. Corp. Counsel, Washington, D. C., for defendants.

YOUNGDAHL, District Judge.

Plaintiff seeks a mandatory injunction requiring defendants to renew his license to operate a rooming house in the District of Columbia. Both plaintiff and defendants have moved for summary judgment.

Section 3102.1 of the Housing Regulations of the District of Columbia provides:

"No person shall operate a housing business in any premises in the District of Columbia without first having been issued a housing business license for such premises by the Superintendent of Licenses and Permits. No license to operate a housing business may be issued or retained if the Chief of Police determines that the applicant therefor or the licensee is not a person of good character. Provided: That an adverse report may be appealed to the Board of Appeals and Review."

Plaintiff contends that the Chief of Police made no determination that plaintiff

was "not a person of good character," and that the Assistant Superintendent of Licenses and Permits, in the Department of Licenses and Inspections, therefore had no ground for denying plaintiff a renewal of his license. It is undisputed, however, that the Chief of Police, on October 19, 1962, wrote as follows to the Superintendent of Licenses and Permits:

"Your attention is invited to the attached report of Captain John W. Trotter, Commanding Officer Ninth Precinct recommending DISAPPROVAL of the application of Samuel Brown of 1507 Evarts Street, N. E., for a Rooming House License at 1147 Neal Street, N. E., in which I concur."

In view of the contents of Captain Trotter's report—including the following sentence: "From the observations and interviews made by members of this command at 1147 Neal Street, N.E., it is quite obvious that these premises are being used solely for co-habitation and not as a rooming house."—the Chief of Police clearly made a finding that plaintiff was "not a person of good character" pursuant to the requirement of the Housing Regulations. This adverse recommendation was further supported by the report of Lt. Woodard, which was forwarded by Captain Trotter to the Chief of Police and by the Chief of Police to the Superintendent of Licenses and Permits, and which contained the following sentence: "Investigation revealed the establishment to be operated for the sole purpose of fornication." The Court thus concludes as a matter of law that the Chief of Police made the necessary finding that plaintiff was "not a person of good character." This finding by the Chief of Police is supported by overwhelming evidence.

■ Plaintiff further contends that the Board of Appeals and Review of the District of Columbia, to which plaintiff himself appealed, had no jurisdiction to make a final decision with respect to the renewal of this license. Part I C(2) of Organization Order No. 112, Appendix, Title 1, D.C.Code, promulgated by the Commissioners of the District of Columbia, establishes the jurisdiction of the Board of Appeals and Review to make final determinations in matters here relevant:

"The Board of Appeals and Review shall consider and make final determinations on appeals from decisions in the following types of cases, where error in such decisions is alleged by the appellants:

\* \* \* \* \* \*

"2. Appeals submitted by applicants for licenses, permits, and certificates, from actions taken by responsible officials of the Department of Licenses and Inspections with respect to denial of a license, permit, or certificate; \* \* \* Provided, That in any case in which a license may issue only with the approval of the Chief of Police, the Board of Appeals and Review shall have authority to set aside the decision of the Department of Licenses and Inspections whenever such decision is based upon an adverse recommendation of the Chief of Police, which recommendation the Board of Appeals and Review finds is arbitrary, capricious, or not supported by substantial evidence."

Plaintiff's argument is that this is not a case "in which a license may issue only with the approval of the Chief of Police," but instead is a case in which the license may issue *unless* the Chief of Police determines that the applicant is not a person of good character. The plaintiff argues that the Chief of Police is not required to pass upon licenses, but may in his discretion recommend adversely to the issuance of a license, and that therefore the above delegation to the Board of Appeals does not obtain. From this, plaintiff argues that the jurisdiction to make a final determination with respect to licenses for rooming houses rests with the Commissioners themselves under section 47-2345(a) of the D.C.Code:

"The Commissioners are further authorized and empowered to make any regulations that may be necessary

in furtherance of the purpose of this chapter and to suspend or revoke any license issued hereunder when, in their judgment, such is deemed desirable in the interest of public decency or the protection of lives, limbs, health, comfort, and quiet of the citizens of the District of Columbia, or for any other reason they may deem sufficient."

The plaintiff, however, has completely misconstrued Organization Order No. 112, supra. Such order gives the Board of Appeals and Review broad jurisdiction over appeals "submitted by applicants for licenses, permits, and certificates, from actions taken by responsible officials of the Department of Licenses and Inspections * * *." The instant case was just such an appeal. The proviso relating to cases in which the license may issue only with the approval of the Chief of Police expands the powers of the Board of Appeals and Review with respect to such cases; it does not narrow such powers with respect to other cases. Furthermore, the proviso is clearly designed for the protection of persons aggrieved by arbitrary denials of licenses and to the extent that the Board of Appeals and Review granted a de novo hearing on the merits of renewing this particular rooming house license, the plaintiff was that much more protected. Finally, the broad delegation to the Board of Appeals and Review is not in any way inconsistent with section 47–2345(a) of the D.C.Code, supra, which gives the Commissioners broad authority to enact regulations, including regulations which delegate jurisdiction over licenses. The present case arose not under procedure involving a revocation or suspension of an existing license in full force and effect (which, arguably under § 47–2345(a), D.C.Code, may require the exercise of the judgment of the Commissioners themselves before such revocation or suspension can take effect), but rather under procedure involving an application for a renewal of a license which was to expire by its own terms. The license was not suspended or revoked; it was simply not renewed. Jurisdiction over appeals from denials of applications for renewals is clearly in the Board of Appeals and Review. Cf. Frazier v. Silver, D.C., 185 F.Supp. 625, 627–8 (1960), which dealt with revocation.

Plaintiff's motion for summary judgment will therefore be denied, and defendants' motion for summary judgment will be granted.